LOUIS J. FLEMING AND JAMES J. DANIEL VS. SUSAN A. NIX
AND DUVAL SELPH.

The private examination of a married woman required by the acts of February 4, 1835, and March 6, 1845, for the conveyance of her real estate, is properly taken by the clerk.

Appeal from the Fourth Judicial Circuit, Duval County.

This action was brought by Fleming and Daniel against Susan A. Nix and Duval Selph in the Circuit Court of the Fourth Judicial Circuit for the county of Duval. The complaint sets forth that the plaintiffs were seized in fee of the west half of lot number one, in block number forty-seven, of the city of Jacksonville ; that the defendants were in possession of the said premises unlawfully, and demanded judgment for the possession as well as damages for the withholding. The answer of the defendants denied the allegations of the complaint, and affirmed a seisin in fee in the defendants.

By consent of parties, these issues, by order of the court, were referred to a referee. Upon the trial before the referee, it was admitted by the plaintiffs that they claimed the premises through a deed of the defendant, Susan A. Nix, and her husband, dated the 20th of June, A. D. 1865, and saving all rights of exception and appeal, it was agreed by the parties that if in the opinion of the referee this deed was valid to pass the title of said Susan A. Nix, that the plaintiffs should recover, otherwise that the defendants should have judgment.

The referee found as matter of fact that Susan A. Nix was, at the time of the execution of this deed, a *femme covert ;* that the property embraced in it was her separate estate, and that her separate examination, as to the execution of the same, was taken by the Clerk of the Circuit Court for Duval County.

He found as matter of fact, that no other officer but a ju-

Fleming and Daniel v. Nix and Selph.

dicial officer or notary public was authorized by the law of this State to take the separate acknowledgment and examination of a married woman; that the Clerk of the Circuit Court was not such an officer, and that a deed of a married woman, unaccompanied by such acknowledgment, did not pass her title to the real estate of inheritance embraced in it.

Upon this report of the referee judgment was rendered for the defendants, and the plaintiffs appeal to this court from that judgment.

The errors assigned here raise the question whether the deed was valid to pass the title of the *femme covert*. And the question presented is whether such separate examination of the wife, under the statutes of this State, can be taken before the Clerk of the Circuit Court of the county in which the property is situated.

*Fleming & Daniel* for Appellants.

*H. Bisbee, Jr.*, for Respondents.

FRASER, J., delivered the opinion of the court.

The judgment of the court below should be reversed. The private examination of a married woman, required by the acts of February 4, 1835, and March 6, 1845, for the conveyance of her real estate, is properly taken by the clerk. Those acts clearly authorize this, and we do not find any provision in these or any other act which would justify us in restricting their meaning.

Judgment reversed and case remanded, with directions to enter judgment for the plaintiffs.